958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Huck MACY, Defendant-Appellant.
 No. 91-10017.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 16, 1992.
Decided March 20, 1992.
 
 1
 Before SCHROEDER, T.G. NELSON, Circuit Judges, and CALLISTER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 At the time of entry of his plea, Macy was represented by counsel. The colloquy between the district judge and Macy shows an adequate representation of the nature of the charges against Macy, particularly when supplemented by the contents of Macy's letter to the court of October 9, 1990, referred to by the judge at sentencing.[1] The plea agreement was negotiated by his counsel and the district judge specifically discussed it with Macy in open court. Macy demonstrated a sufficient understanding of the charge against him to support his plea. U.S. v. Kamer, 781 F.2d 1380, 1384 (9th Cir.1986).
 
 
 4
 The government's contention that Macy had waived the right to appeal the sentence has merit. The plea agreement specifically so provided in the section headed, "Defendant's Promises":
 
 
 5
 The defendant agrees that he will not ... appeal from the sentence imposed, provided that the sentencing judge imposes a sentence within the range set forth above.
 
 
 6
 The district judge referred to the waiver in court, and Macy acknowledged that he knew he had waived his right to appeal. The unfortunate lapse of memory by counsel for the government at the conclusion of the hearing does not change Macy's waiver nor reinstate the rights which had been waived. See U.S. v. Partida-Para, 859 F.2d 629, 633 (9th Cir.1988).
 
 
 7
 Even if we assume the waiver was rescinded by the court and reach the merits of the appeal of the sentence imposed, we find no error. The district court adequately considered the reasons advanced by Macy for departure and decided not to depart for adequate reasons explained on the record, including the seriousness of the offense, the importance of Macy's participation in the transaction and the failure of the probation officer to so recommend.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his letter Macy stated:
 I am not trying to sherk [sic] responsibility for committing a crime. I did carry money to Bangkok. And at some point I did know the money was to be used to purchase marijuana, and I still continued to participate. I allowed my name to be used to purchase vehicles and to rent hotel rooms that were used in the conspiracy.